```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF MINNESOTA
                    Civil No. 11-2952(DSD/SER)
```

Matthew and Beth Solum and
Melvin Davy, Jr. and Jean Davy,

       Plaintiffs,

v.                                                         **ORDER**

The Board of County Commissioners
for the County of Houston, a
political subdivision within
the State of Minnesota in its
official capacity; Bob Scanlan,
Zoning Administrator, Houston
County, Minnesota, in both his
individual and official capacities;
Richard Frank, Director of the
Environmental Services Office,
Houston County, Minnesota, in
both his individual and
official capacities,

       Defendants and Third-
       Party Plaintiffs,

v.

Jared Solum,

       Third-Party Defendant.

    Karen Budd-Falen, Esq. and Budd-Falen Law Offices, P.O.
    Box 346, Cheyenne, WY 82003 and Andrew D. Parker, Esq.
    and Parker Rosen LLC, 300 First Avenue North, Suite 200,
    Minneapolis, MN 55401, counsel for plaintiffs.

    Jay T. Squires, Esq., Courtney R. Sebo, Esq. and Ratwik,
    Roszak & Maloney, PA, 300 U.S. Trust Building, 730 Second
    Avenue South, Minneapolis, MN 55402, counsel for
    defendants.

This matter is before the court upon the motion to dismiss or, in the alternative, the motion for summary judgment by defendants[1] (collectively, Houston County), and the motion to dismiss the third-party complaint by Jared Solum. Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion for summary judgment.

**BACKGROUND**

This land-use dispute arises from defendants' enforcement of the Houston County zoning ordinance. The court recites the facts as they apply to each plaintiff.[2]

---

[1] Defendants include the Board of County Commissioners for the County of Houston; the Board of Adjustment for the County of Houston, Minnesota; the Planning Commission for the County of Houston, Minnesota; Bob Scanlan, Houston County Zoning Administrator; and Richard Frank, Director of the Houston County Environmental Services Office.

[2] Multiple plaintiffs may join claims when they assert any right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Rule 20 permits joinder of all reasonably related claims and absolute identity of all events is unnecessary. Mosely v. Gen. Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974). At oral argument, both parties agreed to the joinder of plaintiff Solums' and plaintiff Davys' claims against Houston County. At this early stage of the proceedings, the court agrees that joinder will promote judicial efficiency. See Madison v. Hennepin Cnty., Civ. 02-4756, 2003 WL 21639176, at *1-2 (D. Minn. July 1, 2003).

**Plaintiffs Matthew and Beth Solum**

On November 3, 2005, Matthew and Beth Solum purchased a home located on 8.36 acres of land from third-party defendant Jared Solum.[3] First Am. Compl. ¶ 25. On December 5, 2005, Houston County Zoning Administrator Bob Scanlan informed the Solums that their property was not compliant with Houston County zoning regulations. Id. ¶ 26. Specifically, the Solums were in violation of Houston County ordinance § 0110.1303, subdivision 1(11), which required a non-farm dwelling, located on Class III soils, to be situated on at least forty contiguous acres of land. Scanlan Aff. ¶¶ 10, 18.

The Solums applied for a conditional-use permit on June 28, 2007. First Am. Compl. ¶ 27. Houston County denied the request on October 23, 2007. Id. On January 20, 2009, Houston County informed the Solums that they had sixty days to comply with the Houston County zoning ordinance (Compliance Notice). Id. ¶ 29.

---

[3] In November 2004, Jared Solum began construction of a non-farm dwelling. Scanlan Aff. ¶ 13. Construction of the home was in violation of Houston County ordinance § 0110.1303, subdivision 1(11), because the residence was not located on forty or more continuous acres of land. After Houston County issued a stop-work order, Jared Solum assembled forty continuous acres. Id. ¶ 16. After finishing construction, Jared Solum sold approximately 8.36 acres of the assembled land, including the dwelling, to Matthew and Beth Solum. Id. ¶ 17. As purchased, the property was not in compliance with the Houston County zoning ordinance.

Options included razing the dwelling, relocating it roughly 50-100 feet to the next quarter-quarter section of land or assembling at least forty contiguous acres of land.  Id.

The Solums applied for a use variance from the Houston County Board of Adjustment on March 19, 2009, fifty-eight days after receiving the Compliance Notice,.  Id. ¶ 33.  The application was administratively denied on March 26, 2009.  Id. ¶ 34.  In response, the Solums returned their deed to Jared Solum, the prior owner of the property.  Id. ¶ 41.

**Plaintiffs Melvin Davy Jr. and Jean Davy**

In approximately 1984, the Davys constructed an outbuilding apartment.[4]  Id. ¶ 52.  The mother of Melvin Davy Jr. lived in the apartment until she moved to an assisted-living residence in Spring 2009.  Id. ¶ 54.  Although she intended to return to the outbuilding apartment, the Davys rented the apartment to a non-family member.  Id. ¶ 57.

On September 30, 2009, Houston County sent the Davys a cease-and-desist letter demanding that they remove the renter and abstain from using the apartment.  Id. ¶ 58.  In response, the Davys and several supporters attended the Houston County Commissioners' meeting in September 2009.  Id. ¶ 59.

---

[4] The Davys allege that Houston County has been aware of the outbuilding since it was constructed in 1984.  First Am. Compl. ¶ 52.

The Davys appealed the cease-and-desist decision on January 15, 2010. Id. ¶ 61.[5] The Houston County Planning Board rejected the appeal. Id. ¶ 64. The Davys then appealed to the Houston County Board of Appeals, and a public hearing was set for March 11, 2010. Id. ¶¶ 65, 67. Approximately fifty supporters attended the meeting, many of whom, the Davys allege, were "belittled or cut off" by the appeals board. Id. ¶ 68. The Board of Appeals denied the appeal. Id. ¶ 69.

On February 2, 2012, plaintiffs filed an amended complaint alleging violations under 42 U.S.C. § 1983. The Solums allege violations of their procedural due process and equal protection rights. The Davys allege violations of their free speech and equal protection rights. On February 2, 2012, Houston County filed a third-party complaint against Jared Solum, seeking indemnity or contribution in the event that Matthew and Beth Solum are successful in their claims against Houston County. Jared Solum moves to dismiss the third-party complaint. Houston County moves to dismiss plaintiffs' claims or, in the alternative, for summary judgment.

---

[5] The first amended complaint does not contain a paragraph sixty-one, but lists paragraph sixty-two twice. The court construes the first of these paragraphs to be paragraph sixty-one.

**DISCUSSION**

**I.   Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. A party asserting that a genuine dispute exists — or cannot exist — about a material fact must cite "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322-23.

**II. Procedural Due Process**

No state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "To prove a due process violation in a local land use decision the plaintiff must identify a protected property interest to which the Fourteenth Amendment's due process protection applies, and then demonstrate that the government action complained of is truly irrational, that is something more than ... arbitrary, capricious, or in violation of state law." Snaza v. City of St. Paul, Minn., 548 F.3d 1178, 1182 (8th Cir. 2008) (citations and internal quotation marks omitted). "A protected property interest is a matter of state law involving a legitimate claim to entitlement as opposed to a mere subjective expectancy." Id. at 1182-83 (citation and internal quotation marks omitted).

The Solums argue a due process violation based on the refusal of Houston County to forward the Solums' use variance application to the board of adjustment. In support, they argue that the Houston County decision was "'so corrupted by the personal motives of local government officials that due process rights are implicated.'" Pls.' Mem. Opp'n 22-23 (quoting Bituminous Materials, Inc. v. Rice Cnty., Minn., 126 F.3d 1068, 1071 (8th Cir. 1997)). Plaintiffs' reliance on Bituminous is misplaced. First, it was decided in the context of substantive, and not procedural, due process. Moreover, the Bituminous court explained that a

plaintiff cannot survive summary judgment by "alleging that a land use planning decisionmaker does not like the plaintiff." Bituminous, 126 F.3d at 1071. Such an inquiry would "turn the federal courts into zoning boards of appeal." Id. Therefore, the Solums have not established a protected property interest, and summary judgement as to their procedural due process claim is warranted.

Even assuming a protected property interest exists, summary judgment is also warranted because the Solums failed to avail themselves of the process afforded by Houston County. "In the zoning context ... procedural due process is afforded when the landowner has notice of the proposed government action and an opportunity to be heard." Anderson v. Douglas Cnty., 4 F.3d 574, 578 (8th Cir. 1993). Here, however, the Solums did not appeal Scanlan's administrative decision denying their variance request. And although the Houston County ordinance mandates referral of administrative decisions to the board of adjustment, the Solums also should have appealed the decision. See Scanlan Aff. Ex. 1, Section 0110.1104, subdiv. 2 ("Any aggrieved person ... objecting to the ruling of any administrative official ... shall have the right to appeal to the Board of Adjustment. Such appeal may be taken by any person aggrieved ...."); Minn. Stat. § 394.27, subdiv. 5 ("The board of adjustment shall have the authority to order the issuance of variances, hear and decide appeals from and review any

order, requirement, decision, or determination made by any administrative official charged with enforcing any ordinance ...."). The Solums "cannot complain of a violation of procedural due process when [they have] not availed [themselves] of existing procedures." Anderson, 4 F.3d at 578.

The Solums argue, however, that they were not required to exhaust administrative remedies prior to bringing suit. Specifically, the Solums explain that they were not required to exhaust their available postdeprivation remedies, since they were entitled to, but did not receive, predeprivation process. Pls.' Mem. Opp'n 24 (citing Keating v. Neb. Pub. Power Dist., 562 F.3d 923, 928 (8th Cir. 2009)). The Solums argument is unpersuasive. They were initially notified of their noncompliance on December 5, 2005. More than three years later, on January 20, 2009, Houston County provided the Solums an additional sixty days to comply with the zoning ordinance. In response, the Solums waited another fifty-eight days to file a use variance application. Any delay was self-inflicted, and the Solums are not excused from their requirement to exhaust administrate remedies. See Wax'n Works v. City of St. Paul, 213 F.3d 1016, 1019 (8th Cir. 2000) ("Under federal law, a litigant asserting a deprivation of procedural due process must exhaust state remedies before such an allegation

states a claim ...."). Therefore, for this additional reason, summary judgment is warranted as to the Solums' procedural due process claim.

## III. Equal Protection

Plaintiffs next allege class-of-one equal protection claims. In a class-of-one claim, the plaintiff seeks protection "against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Barstad v. Murray Cnty., 420 F.3d 880, 884 (8th Cir. 2005) (citation and internal quotation marks omitted); see also Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam) ("A cause of action on behalf of a 'class of one' [arises] where the plaintiff did not allege membership in a class or a group."). To state a class-of-one claim, plaintiffs must show that a defendant intentionally treated them differently from others who are similarly situated and that no rational basis existed for the dissimilar treatment. See Mathers v. Wright, 636 F.3d 396, 399-400 (8th Cir. 2011) (citations omitted).

### A.  Solums

The Solums allege an equal protection violation based on Houston County's refusal to forward their variance application to the board of adjustment.[6]  First Am. Compl. ¶ 78.  To succeed in

---

[6] The Solums allege that they were treated "differently than other similarly situated individuals." First Am. Compl. ¶ 78. The
(continued...)

10

their claim, the Solums must show that they were "treated differently than other persons who were in all relevant respects similarly situated." Flowers v. City of Minneapolis, Minn., 558 F.3d 794, 798 (8th Cir. 2009) (citation omitted). The Solums identify twelve property owners they allege are similarly situated. See Squires Aff. Exs. 9, 10. In response, Houston County argues that the property owners are not similarly situated. Specifically, Houston County argues that none of these twelve individuals submitted applications for use variances. See Scanlan Aff. ¶¶ 25-35 (noting that landowners requested area variance or conditional use permit); id. ¶ 20 (explaining that application for use variance has never previously been received).

Minnesota differentiates between conditional-use permits and use and area variances. For example, "variances are distinguishable from special-or conditional-use permits, which generally should be granted when an applicant meets the conditions

---

[6](...continued)
defendants argue that this "naked assertion[]" fails to state a claim under Rule 12(b)(6). Defs.' Mem. Supp. 19. The Solums respond that "the lead case on this issue" allowed an equal protection claim to proceed based on plaintiff's allegation of being treated differently that "other similarly situated property owners." Vill. of Willowbrook, 528 U.S. at 565. Reliance on Village of Willowbrook, which was decided prior to Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007), is misplaced. See Palmore v. City of Pac., No. 4:09CV1073SNLJ, 2010 WL 1221912, at *5 (E.D. Mo. Mar. 30, 2010) (dismissing equal protection claim where plaintiff made "the broad, speculative assertion that 'others' were treated more favorably"). Therefore, plaintiff fails to state a claim, and dismissal is warranted.

specified in the ordinance." Kismet Investors, Inc. v. Cnty. of Benton, 617 N.W.2d 85, 90 (Minn. Ct. App. 2000) (citations omitted). Conversely, a local board of adjustment has broad discretion to grant or deny a variance. See Krummenacher v. City of Minnetonka, 783 N.W.2d 721, 727 (Minn. 2010) (citation and internal quotation marks omitted). Further, use and area variances are distinguishable. "A use variance permits a use or development of land other than that prescribed by zoning regulations." In re Appeal of Kenney, 374 N.W.2d 271, 274 (Minn. 1985). An area variance, on the other hand, controls "lot restrictions such as area, height, setback, density, and parking requirements." Id. In other words, "unlike use variances, area variances do not change the character of the zoned district." In re Stadsvold, 754 N.W.2d 323, 329 (Minn. 2008) (citation and internal quotation marks omitted). Given the dissimilar nature of conditional-use permits and area and use variances, the Solums have not shown that they were treated differently than similarly situated landowners. Therefore, summary judgment is warranted as to the Solums' equal protection claim.

Even assuming that the twelve other landowners were similarly situated, summary judgment is also warranted because Houston County had a rational basis to treat area and use variances differently. "In Minnesota, the authority of a county board of adjustment to grant a use variance is limited by statute: 'No variance may be

12

granted that would allow any use that is prohibited in the zoning district in which the subject property is located.'" Id. (citation omitted) (quoting Minn. Stat. § 394.24, subdiv. 7). This distinction yields differing standards for area and use variance. "[T]he 'practical difficulties' standard is the appropriate standard to apply to area variances and the 'particular hardship' standard is the appropriate standard to apply to use variances." Id. As such, Houston County had a rational basis for treating the Solums' use variance differently from prior area variances. See Stiles v. Blunt, 912 F.2d 260, 267 (8th Cir. 1990) (explaining that under rational relationship review, the court does not need to determine "whether or not [the reasons articulated for dissimilar treatment] were actually considered"); see also Bd. of Trs. v. Garrett, 531 U.S. 356, 367 (2001) ("Governmental action only fails rational basis scrutiny if no sound reason for the action can be hypothesized."). Therefore, for this additional reason, summary judgment as to the Solums' equal protection claim is warranted.

**B.   Davys**

The Davys argue that Houston County selectively enforced the Houston County zoning ordinance. Specifically, the Davys argue that they were singled out based on their exercise of free speech in support of personal-property rights.[7] Selective enforcement of

---

[7] The Davys allege a First Amendment, freedom from retaliation claim under the guise of equal protection. Although Houston County (continued...)

the law is prohibited by the Equal Protection clause. United States v. Coney, 456 F.3d 850, 856 n.4 (8th Cir. 2006). A class-of-one selective enforcement claim requires plaintiffs to prove that they were "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Flowers, 558 F.3d at 799 (citation and internal quotation marks omitted).

Houston County argues, however, that a class-of-one claim is inappropriate when, as here, the state action involves discretionary decisionmaking. The court agrees that a "class-of-one theory [is] a 'poor fit' in a context that involve[s] discretionary decisionmaking." Id. For example, some forms of state action "by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments.

---

[7](...continued)
does not object, such a claim is improper. The Eighth Circuit has yet to address the issue, but other courts explain that "claims based on the allegation that [plaintiff] was treated differently in retaliation for his speech are, at their core, free-speech retaliation claims that do not implicate the Equal Protection Clause." Kirby v. City of Elizabeth City, N.C., 388 F.3d 440, 447 (4th Cir. 2004) (citation and internal quotation marks omitted); see Boyd v. Ill. State Police, 384 F.3d 888, 898 (7th Cir. 2004) ("[T]he right to be free from retaliation may be vindicated under the First Amendment ..., but not the equal protection clause."); Watkins v. Bowden, 105 F.3d 1344, 1354 (11th Cir. 1997) (same); Bernheim v. Litt, 79 F.3d 318, 323 (2d Cir. 1996) (same).

    Houston County does argue, however, that the Davys' allegation that they were treated differently than "other" landowners is insufficient to state a claim. First Am. Compl. ¶¶ 70, 84. The court agrees that such a claim does not survive Twombly, but addresses the Davys' claim on the merits, nonetheless.

In such cases the rule that people should be 'treated alike, under like circumstances and conditions' is not violated when one person is treated differently from others ...." <u>Enqquist v. Or. Dep't of Agric.</u>, 553 U.S. 591, 603 (2008); <u>see</u> <u>Flowers</u>, 558 F.3d at 800 ("[A] police officers investigative decisions ... may not be attacked in a class-of-one equal protection claim."). In Minnesota "[m]unicipalities have broad discretionary power in considering whether to grant or deny a variance." <u>Krummenacher</u>, 783 N.W.2d at 727 (Minn. 2010) (citation and internal quotation marks omitted). Therefore, a class-of-one claim is improper, and summary judgment is warranted.

Even assuming that the Davys could assert a class-of-one equal protection claim, summary judgment is also warranted because the Davys fail to identify similarly situated individuals. The Davys live in a single-family farm dwelling on forty or more contiguous acres. Scanlan Aff. ¶ 53. Also located on the same quarter-quarter section is a manufactured home, considered a temporary farm dwelling. <u>Id.</u> The Davy's third dwelling, in the same quarter-quarter section, is the outbuilding apartment. <u>Id.</u> ¶ 54. The Davys, however, have identified no properties with three residential structure in the same quarter-quarter section of land. <u>See</u> <u>id.</u> ¶¶ 55-61; Third Scanlan Aff. ¶¶ 4-6. Therefore, the Davys

have not shown dissimilar treatment of similarly situated individuals, and, for this additional reason, summary judgment is warranted.

**IV. First Amendment**

The Davys next argue that Houston County selectively enforced the Houston County ordinance in retaliation for their support of personal-property rights. "[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions ... on the basis of his constitutionally protected speech." Osborne v. Grussing, 477 F.3d 1002, 1005 (8th Cir. 2007) (quoting Hartman v. Moore, 547 U.S. 250, 256 (2006)). To state a claim, plaintiff must show that "he has been singled out for prosecution while others similarly situated have not been prosecuted for conduct similar to that for which he was prosecuted [and] that the government's discriminatory selection of him for prosecution was based upon ... his exercise of his First Amendment right to free speech." Id. at 1006 (alteration in original) (citation omitted).

The Davys allege three instances of retaliation: (1) the requirement to place a new mobile home in a location other then where they planned, (2) failure to timely complete septic inspections for the mobile home (3) and prohibiting rental of the outbuilding apartment. As to the former two instances, Houston County argues that its action could not be retaliatory, because it

16

was unaware of the Davys' alleged vocal support of property rights in 2007 when they placed the mobile home on their property. Scanlan Aff. ¶ 42. The Davys explain, however, that they did not place the mobile home on their property until 2009, well after the county became aware of their support of personal-property rights. Joint Davy Aff. ¶ 11. A factual dispute remains regrading when the mobile home was placed on the Davys' property, but the court need not answer this question. The Davys' responsive brief did not address the mobile home and subsequent septic inspection, and these arguments are waived. See Olson v. Int'l Bus. Machs., No. Civ. 05-118, 2006 WL 503291, at *14 (D. Minn. 2006) (concluding that plaintiff abandoned claim after not addressing it in responsive brief).

As to the outbuilding apartment, there is no evidence that Houston County selectively enforced the zoning ordinance. As already discussed, the Davys fail to identify any similarly situated properties. Moreover, Scanlan testified that he was unaware of any alleged non-conforming use on the properties that the Davys' claim are similarly situated. Scanlan Aff. ¶ 62. As in Osborne, Houston County has a policy of investigating and enforcing the zoning ordinance when it becomes aware of a violation. Id. ¶ 63; Osborne, 477 F.3d 1006. Here, however, even if the properties were similarly situated, there is no evidence that Houston County was aware of the properties and failed "to take

17

similar enforcement actions." See Osborne, 477 F.3d at 1008. Therefore, the Davys cannot demonstrate that Houston County selectively enforced the zoning ordinance in retaliation for their protected speech, and summary judgment as to this claim is warranted.[8]

**V.  Section 1983**

A § 1983 claim requires a "(1) violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." Cox v. Sugg, 484 F.3d 1062, 1066 (8th Cir. 2007) (citation omitted). As already explained, plaintiffs have not demonstrated a violation of a constitutional right. Therefore, these claims fail, and summary judgment is warranted.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Defendants' motion for summary judgment [ECF No. 31] is granted; and

---

[8] The Davys do not argue in their opposition brief that their free speech rights were chilled by Houston County officials. See First Am. Compl. ¶¶ 59, 68, 85. Therefore, the court considers these arguments waived. See Olson, 2006 WL 503291, at *14.

2.   Third-party defendant's motion to dismiss [ECF No. 29] is denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 20, 2012

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court